[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD COUNT
The defendant, The Huntington Mortgage Company, has moved to strike the third count of the three-count amended complaint dated September 14, 1994 which alleges that defendant violated the Connecticut Unfair Trade Practices Act (CUTPA) by informing the plaintiffs, Culver J. and Cynthia K. Gleason as well as the Department of Housing and Urban Development (HUD) that "all conditions of said financing contract had been fulfilled." Plaintiffs who purchased the premises involved allege that one of the conditions of the contract was that the septic system be adequate and function properly, but the septic system CT Page 1787 malfunctioned and caused damage to their house.
Huntington has moved to strike the third count claiming that a single act of misconduct does not warrant a CUTPA violation.
There is a division in the decisions of our trial courts as to whether a single act of misconduct is sufficient to bring a claim under CUTPA. While several decisions have held that a single act is sufficient to maintain a CUTPA claim many others have required multiple acts. Duncan v. Burnside Motors, 2 CSCR 379 (February 26, 1987, O'Neill, J.) (legislature intended more than one incident of misconduct to sustain CUTPA claim); Laks v.Metropolitan Property and Casualty Ins Co.,8 Conn. L. Rptr. 32 (December 3, 1992, Flynn, J.) (CUTPA claim stricken, only one act of misconduct); Koehm v. Kuhn,41 Conn. Sup. 130 (1987), ("A single act or even isolated instances of unfair practices do not warrant actions under CUTPA.") Skinner v. Till, 3 Conn. L. Rptr 481 (April 16, 1991, Teller, J.).
General Statutes § 42-110b states "(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Because all of the critical words in the statute are plural, the plain meaning of these words suggests that more than one act of misconduct is necessary and that the legislature did not intend an isolated act of misconduct to be considered a "practice." Duncan v.Burnside Motors, 2 CSCR 379 supra.
The allegation of an isolated act of misconduct in this case is not sufficient to sustain a CUTPA claim. Moreover, we do not find here the assertion of a public interest sufficient to bring the claim within the purview of Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc.,190 Conn. 528, 540 (1983).
Motion to strike third count is granted.
Wagner, J. CT Page 1788